FILED ___   ___ LODGED
___ RECEIVED   ___ COPY

JUL − 1 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

1   TIMOTHY COURCHAINE
    United States Attorney
2   District of Arizona
    GENEVIEVE A. OZARK
3   Mississippi Bar No. 105598
    Assistant U.S. Attorneys
4   Two Renaissance Square
    40 N. Central Ave., Suite 1800
5   Phoenix, Arizona 85004
    Telephone: 602-514-7500
6   Email: Genevieve.Ozark@usdoj.gov
    Attorneys for Plaintiff
7

8                    IN THE UNITED STATES DISTRICT COURT

9                        FOR THE DISTRICT OF ARIZONA

10  United States of America,              No. CR-25-00300-PHX-DJH (JZB)

11                     Plaintiff,
                                           **PLEA AGREEMENT**
12        vs.

13  Timothy Earl McGill,

14                     Defendant.

15

16        Plaintiff, United States of America, and the defendant, Timothy Earl McGill, hereby

17  agree to dispose of this matter on the following terms and conditions:

18  **1.   PLEA**

19        The defendant will plead guilty to Count One of the Indictment charging the

20  defendant with a violation of 18 United States Code (U.S.C.) § 875(c), Interstate Threat, a

21  Class D felony offense.

22  **2.   MAXIMUM PENALTIES**

23        a.    A violation of 18 U.S.C. § 875(c) is punishable by a maximum fine of

24  $250,000, a maximum term of imprisonment of five years, or both, and a term of supervised

25  release of up to three years. A maximum term of probation is five years (including a

26  minimum term of one year if probation is imposed).

27        b.    According to the Sentencing Guidelines issued pursuant to the Sentencing

28  Reform Act of 1984, the Court shall order the defendant to:

1            (1)     make restitution to any victim of the offense pursuant to 18 U.S.C.

2    § 3663 and/or 3663A, unless the Court determines that restitution would not be

3    appropriate;

4            (2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a

5    fine is not appropriate; and

6            (3)     pay upon conviction a $100 special assessment for each count to

7    which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

8          c.     The Court is required to consider the Sentencing Guidelines in determining

9    the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court

10   is free to exercise its discretion to impose any reasonable sentence up to the maximum set

11   by statute for the crime(s) of conviction, unless there are stipulations to the contrary that

12   the Court accepts.

13   **3.    AGREEMENTS REGARDING SENTENCING**

14         a.    <u>Stipulation</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and

15   the defendant stipulate that the following is an appropriate disposition of this case:

16           (1)     The Court shall continue the sentencing in this matter for a period of

17   two years. The time period will commence after a status hearing at which time a sentencing

18   date will be set. The status hearing will be set within 70 days after the entry of the pela of

19   guilty to enable the United States Probation Office adequate time to prepare the

20   Presentence Investigation Report.

21           (2)     During the deferment period, the defendant agrees to supervision by

22   the United States Pretrial Services Office and the following additional conditions:

23           A.     The defendant shall follow all requirements, conditions, and

24   orders from the United States Pretrial Services Officer;

25           B.     The defendant shall not violate any federal, state, or local law.

26   If arrested, the defendant shall immediately contact the United States Pretrial Services;

27           C.     The defendant shall participate in mental health treatment and

28   shall follow any treatment plan, including the taking of all prescribed medications;

D.    The defendant shall maintain or actively seek employment (or combination of work/school) and provide proof to the United States Pretrial Services;

E.    The defendant shall not use or possess a narcotic drug or other controlled substance (as defined by 21 U.S.C. § 802) unless prescribed for the defendant by a licensed medical practitioner; this provision does not permit the use or possession of medicinal marijuana even with a physician's written certification. The defendant shall not possess, ingest, or otherwise use a synthetic cannabinoid or synthetic narcotic;

F.    The defendant shall not use, handle, possess, purchase, acquire, or attempt to acquire any firearm, destructive device, or other dangerous weapon or ammunition;

G.    The defendant shall participate in the Remote Internet and Computer Monitoring Program as ordered by the Court and follow the rules of the program, along with all additional conditions of the program ordered by the Court;

H.    The defendant shall follow all instructions and orders from the United States Pretrial Services; and

I.    The defendant shall follow any additional conditions imposed by the Court.

(3)    During the period of deferred sentencing, the Court, for good cause shown, may modify the terms of this agreement.

(4)    If the defendant is found to be in violation of this agreement:

A.    The matter will be set for sentencing forthwith, and the United States Attorney shall not seek to dismiss the indictment without the Court's approval;

B.    The defendant shall not be permitted to withdraw his guilty plea; and

C.    The defendant shall be found guilty of Count One of the Indictment and shall be sentenced.

(5)    In the event the defendant violates the terms of his deferment and is sentenced in this matter, the parties agree to the following stipulations and

recommendations:

A.  <u>Stipulation.</u>  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence shall not exceed six months of imprisonment.  Nothing in this agreement shall preclude the defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

B.  <u>Acceptance of Responsibility.</u>  If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

C.  <u>Assets and Financial Responsibility.</u>  The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).  The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose.  Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

1              D.      <u>Non-Binding Recommendation</u>.  The defendant understands

2 that recommendations are not binding on the Court.  The defendant further understands

3 that the defendant will not be permitted to withdraw the guilty plea if the Court does not

4 follow a recommendation.

5 **4.      AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

6           a.      If the defendant successfully completes supervision during the period of

7 deferment, pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall move to

8 dismiss the Indictment.

9           b.      If the defendant fails to successfully complete supervision during the period

10 of deferment, pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall move to

11 dismiss Count 2 of the Indictment.

12           c.      This agreement does not, in any manner, restrict the actions of the United

13 States in any other district or bind any other United States Attorney's Office.

14 **5.      COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

15           a.      If the Court, after reviewing this plea agreement, concludes that any

16 provision contained herein is inappropriate, it may reject the plea agreement and give the

17 defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

18 11(c)(5).

19           b.      If the defendant's guilty plea or plea agreement is rejected, withdrawn,

20 vacated, or reversed at any time, this agreement shall be null and void, the United States

21 shall be free to prosecute the defendant for all crimes of which it then has knowledge and

22 any charges that have been dismissed because of this plea agreement shall automatically

23 be reinstated.  In such event, the defendant waives any and all objections, motions, and

24 defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

25 restrictions in bringing later charges or proceedings.  The defendant understands that any

26 statements made at the time of the defendant's change of plea or sentencing may be used

27 against the defendant in any subsequent hearing, trial, or proceeding subject to the

28 limitations of Fed. R. Evid. 410.

6.     **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c).  This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7.     **DISCLOSURE OF INFORMATION**

a.     The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.     Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.     The defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)     criminal convictions, history of drug abuse, and mental illness; and

(2)     financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

- 6 -

**8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.    Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9.    ELEMENTS**

**Count One: Interstate Threat**

On or about October 29, 2024, in the District of Arizona:

1.    The defendant knowingly sent a message in interstate or foreign commerce;

2.    The message contained a true threat to injure the person of another; and

3.    The defendant transmitted the threat with intent to communicate a threat of violence or with recklessness as to whether the communication would be viewed as a threat of violence.

**10.    FACTUAL BASIS**

a.    The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On October 29, 2024, I knowingly transmitted a video livestream to TikTok as user "timinaz74." I lived in Arizona during the time, and I knew that the video was being livestreamed through a global platform. My video included language targeting individuals supporting then-presidential-candidate Donald J. Trump. I have learned that on October 29, 2024, TikTok

and a third-party tipster who watched my video made a referral to law enforcement noting the nature of the statements I made during the video.

During the video, my statements included the following: **"I can't wait till all you MAGAts die. . . We're going to kill all you MAGAts. I can't fucking wait. We're going to fucking take you all out. Next fucking rally. Boom! . . You better call the FBI on me."** I knew the statements I communicated via video livestream could be viewed as threats of violence. At the time I made these statements, President Donald J. Trump was scheduled to appear at a large event in Glendale, Arizona on October 31, 2024.

b.      The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read this agreement in its entirety, and I have carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

6/19/2025
Date

*Timothy C McGill*
TIMOTHY EARL McGILL
Defendant

- 9 -

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible.  I have further discussed the concept of the advisory Sentencing Guidelines with the defendant.  No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client.  I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

  6/19/2025
Date

JAZMIN ALAGHA
Attorney for Defendant

//

//

//

//

- 10 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

June 13, 2025
Date

GENEVIEVE OZARK
Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

Date

HONORABLE DIANE J. HUMETEWA
United States District Judge

- 11 -